IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**JEFFERY A. JOHNSON,**

        Plaintiff,

  vs.                                    Civil Action 2:14-cv-533
                                              Judge Watson
                                              Magistrate Judge King

**SHERIFF MATT LUTZ,** *et al.,*

        Defendants.


## REPORT AND RECOMMENDATION

    Plaintiff, a state prisoner, has filed a civil complaint and seeks leave to proceed without prepayment of fees or costs. ECF 1. However, plaintiff has not provided the certified copy of the trust fund account statement (or institutional equivalent) for the preceding 6-month period, in contravention of 28 U.S.C. § 1915(a)(2). On June 6, 2014, the undersigned ordered plaintiff to either pay the full filing fee or seek leave to proceed *in forma pauperis* in a manner consistent with §1915(a) within twenty-eight (28) days of the date of that order. *Order*, ECF 2. Plaintiff was specifically advised that his failure to do so "may result in the immediate assessment of the full filing fee and/or the dismissal of the action for want of prosecution." *Id*.

    Plaintiff objected to this directive, insisting that he is not a "prisoner" whose application for leave to proceed *in forma pauperis*

must comply with the Prison Litigation Reform Act, 28 U.S.C. §1915(a)(2).  ECF 4.  In denying this objection, the United States District Judge explained that although plaintiff challenges the propriety of his incarceration, his incarceration in a state prison facility renders him a "prisoner" subject to the provisions of the Prison Litigation Reform Act.  *Order*, ECF 5, pp. 1-2.  The Court therefore ordered plaintiff to comply with the *Order*, ECF 2.  *Id*. at 2.  The Court specifically ordered plaintiff, if he intended to seek leave to proceed *in forma pauperis*, to submit, no later than July 7, 2014, an application conforming to 28 U.S.C. § 1915(a)(2).  *Id*. at 2.  To date, however, plaintiff has failed to submit an application in compliance with Court orders, ECF 2, 5. Indeed, plaintiff has clearly expressed his refusal to comply with those orders.  ECF 6.

**WHEREUPON**, it is **RECOMMENDED** that this action be dismissed, without prejudice, for failure to prosecute.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to

2

the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


July 10, 2014                                        *s/Norah McCann King*
                                            Norah M$^c$Cann King
                                       United States Magistrate Judge