UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Jeffery A. Johnson,

    Plaintiff,

    v.                                        Case No. 2:14–cv–533

Sheriff Matt Lutz, *et al.*,            Judge Michael H. Watson

    Defendants.

### OPINION AND ORDER

On June 5, 2014, Plaintiff moved for leave to proceed *in forma pauperis* in this *pro se* prisoner civil rights case. Mot., ECF No. 1. In response, Magistrate Judge King ordered Plaintiff to provide a certified copy of the trust fund account statement for the preceding six month period, as required by 28 U.S.C. § 1915(a)(2). Order, ECF No. 2. She ordered Plaintiff to submit the statement within twenty-eight days of the date of her Order and advised Plaintiff that his "failure to do so may result in the immediate assessment of the full filing fee and/or the dismissal of the action for want of prosecution." *Id.* Plaintiff objected to that Order, contending he was not a prisoner. Obj., ECF No. 4.

The undersigned overruled Plaintiff's objection, finding Plaintiff's incarceration in a state prison facility rendered him a "prisoner" subject to the provisions of the Prison Litigation Reform Act. Order, ECF No. 5. The Order further specified that any application to proceed *in forma pauperis* must conform to 28 U.S.C. § 1915(a)(2) and must be filed no later than July 7, 2014. *Id.*

Plaintiff did not file a certified copy of his trust fund account statement by July 7, 2014, and on July 10, 2014, Magistrate Judge King issued a report and recommendation ("R&R") recommending the Court dismiss this case without prejudice for failure to prosecute. R&R, ECF No. 7.

Federal Rule of Civil Procedure 72(b)(2) provides that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). The R&R notified the parties of their right to object, and Plaintiff has timely objected, ECF No. 9.

Plaintiff contends that under the Fourth Amendment, § 1915 does not apply to him because he did not sue any defendants in their official capacities and because he is not a prisoner. He further contends the Magistrate Judge lacks jurisdiction to rule on a plaintiff's objections to the Magistrate Judge's order.

The Fourth Amendment does not limit application of § 1915 to suits in which defendants are sued in their official capacities. The Court has already rejected Plaintiff's assertion that he is not a prisoner under § 1915. Further, the Magistrate Judge did not rule on any objections in this case, and Plaintiff's reference to what the Court presumes is Federal Rule of Civil Procedure

60(b)(6), governing relief from final judgment, is irrelevant. As Plaintiff has not shown any portion of the R&R to be in error, Plaintiff's objection is **OVERRULED**. The R&R is **ADOPTED**, and the Clerk shall dismiss this case without prejudice for failure to prosecute. Plaintiff's motion to stay and abey is **DENIED**. The Clerk shall terminate ECF Nos. 1, 7, and 10.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**